UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCHIED, on behalf of Student A,

       Plaintiff,

v.

SCOTT SNYDER, *et al*.,

       Defendants.

_____/

Case No. 09-11307

Honorable John Corbett O'Meara

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

Plaintiff David Schied filed a *pro se* complaint on behalf of "Student A" on April 8, 2009, along with an application to proceed *in forma pauperis*. Groups of defendants filed motions to dismiss or strike the complaint, and Plaintiff filed responses to those motions. In addition, Plaintiff filed non-dispositive motions for which responses were not necessary. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

## BACKGROUND FACTS

Plaintiff David Schied is the father of Student A, a student enrolled in Northville Public Schools who qualifies for speech and language services under the Individuals with Disabilities in Education Act ("IDEA").

In 2005, defendant Scott Snyder, the principal of Student A's elementary school, met with Schied and purportedly revealed his knowledge that Schied had been terminated from his position as a conditional employee of Lincoln Consolidated Schools (LCS") because of an FBI criminal background report finding that Schied had been convicted of aggravated robbery in Texas in 1977.

Schied subsequently named Snyder as a witness in a case pending against LCS. When Snyder was uncooperative, Schied informed Snyder that he intended to have him cited for criminal obstruction of justice. Shortly thereafter, Student A was repeatedly suspended by Snyder. Schied believes that the suspensions were based on inaccurate representations of the events in retaliation for Schied's threat against Snyder.

Schied then sought a due process hearing for Student A under the IDEA. Despite efforts by special education director Lynne Mossoian and school board president Kenneth Roth, both of whom are named defendants, the school never conducted a hearing that met *Schied's* criteria for: persons present, topics discussed, time allocated, and other things. In his complaint, Schied has alleged, in great detail, numerous procedural violations that he feels occurred throughout the process. Schied further alleges that attorney Richard Fanning, Jr. interfered with and thwarted Schied's efforts.

Schied filed a complaint with the Wayne County Regional Service Agency ("RESA"). David Soebbing, a consultant for RESA, found one violation of Student A's rights. Objecting to Soebbing's finding of no violations with respect to all his other complaints, Schied filed a complaint with the Michigan Department of Education ("MDE"). Harvalee Saunto, a consultant with MDE, concurred with RESA's findings of no violations and further overturned the one violation found by Soebbing.

Schied then filed a complaint with the Civil Rights Commission of the Michigan Department of Civil Rights ("MDCR"). After two denials of review for lack of jurisdiction, Donna Paruszkiewicz, a rights representative, confirmed that the issues raised did not meet the requirements of a formal complaint because MDCR lacked jurisdiction.

Schied filed a second complaint with Wayne County RESA. After review, including an interview with Schied, Mary Fayad, a consultant with RESA, found no violations. Susan Liebetreu, a consultant with MDE, upheld Fayad's assessment.

Schied then filed a complaint with the United States Department of Education's Office for Civil Rights ("OCR"). Donald Yarab, team leader with OCR, denied Schied's complaint because by this time Student A was receiving services to address his speech and language disability; and Student A's mother had attended a meeting at which an Individual Education Program ("IEP") had been developed for Student A. Yarab found no extraordinary circumstances in the development of the implemented IEP. From what may be understood from the complaint, it appears that Catherine D. Anderle may have prepared the investigative report.

To the extent the complaint is intelligible, Schied appears to allege that the recited series of events denied Student A "appropriate public education" as provided by the IDEA. Defendants Snyder, Mossoian, Roth, Fanning, Soebbing, Saunto, Paruszkiewicz, Fayad, Liebetreu, Yarab, Anderle are all alleged to have deprived Student A of rights under color of law in violation of 42 U.S.C. § 1983; conspiracy to deprive civil rights under color of law in violation of 42 U.S.C. §§ 241 and 242; and conspiracy to commit offense or defraud the United States in violation of 18 U.S.C. § 371. Against defendant Snyder, the complaint alleges obstruction of criminal investigation in violation of 18 U.S.C. § 1510. Finally, defendant Arne Duncan, in his official capacity as Secretary of the Department of Education, is alleged to have conspired to deprive civil rights under color of law in violation of 42 U.S.C. §§ 241 and 242; conspiracy to commit offense or defraud the United States in violation of 18 U.S.C. § 371; and maintenance and control of a racketeering influenced and corrupt organization under 18 U.S.C. §§ 1961 and 1962 ("RICO").

## LAW AND ANALYSIS

### I.  ALLEGATIONS OF CRIMINAL MISCONDUCT

A private party many not bring a criminal complaint.  "In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(quoted in Schied v. Daughtrey, 2009 WL 818095 at *4 (E.D. Mich. 2009).  Because private parties cannot bring criminal charges, all of the allegations of conspiracy against all of the defendants under 42 U.S.C. §§ 241 and 242, as well as those under 18 U.S.C. § 371 must be dismissed.  Likewise, the allegations against Snyder under 18 U.S.C. § 1510 must be dismissed, as are the allegations against Duncan under 18 U.S.C. §§ 1961 and 1962.

### II.  REMAINING CLAIMS AGAINST DEFENDANTS SOEBBING, FAYAD, SAUNTO, LIEBETREU, PARUSZKIEWICZ, YARAB AND ANDERLE

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e).  The court shall dismiss any complaint at any time if the court finds that it fails "to state a claim for which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The court's determination of failure to state a claim under § 1915(e) is the same as its determination under Fed. R. Civ. P. 12(b)(6).

*Pro se* plaintiff's pleadings are to be liberally construed by the court.  Middleton v. McGinnis, 860 F. Supp. 2d 391, 392 (E.D. Mich. 1994).  However, even a *pro se* litigant's complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions."  Hendrock v. Gilbert, 68 Fed. Appx. 573, 574 (6th Cir. 2003).

The complaint alleges that all of the defendants except Secretary Duncan deprived Student A of his rights in violation of 42 U.S.C. § 1983, by depriving Student A of his right to free appropriate public education by failing to adequately investigate Schied's complaints.  Though Schied admits that each of the defendants received his complaints, investigated those complaints, and issued reports, Schied alleges that the investigations were inadequate because each of the defendants relied on statements by school officials, as well as their own interpretation of Schied's proffered evidence, and disregarded his statements and exhibits.  However, Schied offers no facts supporting his claims of biased investigations beyond his own belief that the conclusions reached were wrong.  The court is not required to accept such inferences when considering whether a plaintiff has stated a claim for which relief may be granted.  Hendrock, 68 Fed. Appx. at 574.  Without facts supporting his complaint that the investigations were inadequate, Schied has failed to "raise the right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Furthermore, even if Schied had presented facts showing that the investigations were inadequate, that alone does not state a claim for which relief may be granted.  "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." Smallwood v. McDonald, 805 F.2d 1036 (6th Cir. 1989).  This issue, by the way, was called to Schied's attention even before this complaint was filed.  See Schied v. Daughtrey, 2009 WL 818095 at *5 (E.D. Mich. 2009).

**III. DEFENDANTS' MOTIONS TO STRIKE**

Defendants Snyder, Mossoian, Roth and Fanning filed a motion to strike the complaint. Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that "each allegation must be simple, concise, and direct." Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Schied's 223-page complaint, accompanied by several hundred pages of exhibits, meets none of these requirements, with the exception that the 681 paragraphs are numbered! Therefore, the court will grant Defendants' motion to strike the complaint.

Because the court is dismissing the claims against defendants Soebbing and Fayad, the court will deny as moot Rule 12(b)(6) motion to dismiss. Likewise, by dismissing all claims against defendants Saunto and Liebetreu, their motions to extend time to answer and motion to strike will be denied as moot.

**IV. PLAINTIFFS' MOTIONS**

Plaintiff Schied filed the following two motions: Motion to Demand this Court Read All Pleadings Plaintiff Files in this Court, and to Adhere only to Constitutionally Compliant Law and Case Law, and More Particularly, the Bill of Rights, in its Rulings; and Motion to Claim and Exercise Constitutional Rights, and Require the Presiding Judges to Rule Upon this Motion for All Public Officers of this Court to Uphold Said Rights. Having dismissed all claims against all defendants, the court will deny these motions as moot.

**ORDER**

It is hereby **ORDERED** that plaintiff Schied's application to proceed *in forma pauperis* is **GRANTED.**

It is further **ORDERED** that all criminal claims against all defendants are **DISMISSED.**

It is further **ORDERED** that the remaining claims against defendants Soebbing, Fayad, Saunto, Liebetreu, Paruszkiewicz, Yarab and Anderle are **DISMISSED.**

It is further **ORDERED** that defendants Soebbing and Fayad's motion to dismiss is **GRANTED.**

It is further **ORDERED** that defendants Saunto and Liebetreu's motion to extend time and motion to strike are **DENIED AS MOOT**.

It is further **ORDERED** that defendants Snyder, Mossoian, Roth, and Fanning's motion to strike is **GRANTED.**

It is further **ORDERED** that Plaintiff's motions are **DENIED AS MOOT.**

      s/John Corbett O'Meara
      United States District Judge

Date:  January 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 22, 2010, using the ECF system and/or ordinary mail.

      s/William Barkholz
      Case Manager